UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUDITH BARTOK,

    Plaintiff,

                                                    Case No. 04-70448

v.                                                  Hon. John Corbett O'Meara

UNITED STATES OF AMERICA,

    Defendant.

_____/

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff Judith Bartok filed suit against the United States on February 9, 2004, seeking tort damages for injuries sustained after a fall outside of the post office in Southgate, Michigan. The court heard evidence in a bench trial conducted on July 28, 2005. The court now makes the following findings of fact and conclusions of law.

### Findings of Fact

1. On February 14, 2002, at approximately 3:15 pm, Plaintiff arrived at the Southgate Post Office in Southgate, Michigan, where she maintained a post office box. She parked her vehicle in the customer parking area in front of the main customer entranceway to the post office.

2. Plaintiff tripped and fell on the sidewalk curb outside of the post office. She tripped in an area within a few feet of the main door to the post office. This area was in a direct line from Plaintiff's car to the post office entry. The curb where Plaintiff tripped was not defective.

3. Another area of the curb, approximately 30 to 45 feet from the main entrance of the post

      office, was crumbling at the time of Plaintiff's fall.  The crumbling area of the curb was not located on the most direct path from Bartok's car to the post office entrance.

4. Plaintiff sustained injuries to her right knee, right shoulder, and right elbow as the result of her fall.

5. Another customer told Gwendolyn Howard, a postal employee, that a customer had fallen outside the post office.  Howard immediately exited the post office through the main door and found Plaintiff on the ground within a few feet of the door.

6. Howard took Plaintiff inside the building and led her to the employee restroom.

7. Howard informed the branch office's acting manager, Michael Julvezan, of Plaintiff's condition.  Julvezan immediately contacted federal government administrators in safety and health services for advice on how to handle the situation.

8. When Plaintiff left the restroom, Howard escorted her to Julvezan's office.

9. Plaintiff and Julvezan went back outside the post office.  Plaintiff pointed out the spot where she had fallen, and Julvezan took three polaroid photographs of the spot, each from a different angle.

10. Julvezan filed a report detailing the incident and submitted it to administrators in safety and health services.

## Conclusions of Law

1. This action was brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(B) and 28 U.S.C. § 2671, et. seq.

2. The Federal Tort Claims Act provides that the United States will be liable as a private person would be liable to a claimant under state law. 28 U.S.C. § 2674. Michigan tort law applies to Plaintiff's premises liability claim.

3. Under Michigan's law of premises liability, landowners have a duty "to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land." <u>Williams v. Cunningham Drug Stores</u>, 429 Mich. 495, 499 (1988). Plaintiff was a business invitee.

4. To recover damages, a plaintiff must establish that the defendant's breach of duty regarding a dangerous condition on the land was the proximate cause of her injuries. <u>Winfrey v. S.S. Kresge Co.</u>, 6 Mich. App. 504, 507 (1967). Because Plaintiff did not fall on the crumbling area of the curb, Defendant's alleged negligence was not the proximate cause of her injury.

5. Plaintiff can not recover damages against Defendant.

Judgment for Defendant.

SO ORDERED.

                        s/John Corbett O'Meara
                        John Corbett O'Meara
                        United States District Judge

Dated: August 9, 2005